## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SHANNON JUSTICE, o/b/o )
Roy N. Justice, Jr., Deceased, )
                                       )
                  Plaintiff, )
                                       )
v. )        No.  07-CV-33-SAJ
                                         )
MICHAEL J. ASTRUE, )
Commissioner of Social Security )
Administration,[1] )
                                       )
                 Defendant. )

### OPINION AND ORDER[2]

Pursuant to 42 U.S.C. § 405(g), Shannon Justice ("Plaintiff"), o/b/o Roy N. Justice, Jr., deceased ("Claimant") appeals the decision of the Commissioner denying disability insurance benefits and supplemental security income to her deceased husband under Titles II and XVI of the Social Security Act.  Plaintiff alleges that the ALJ (1) violated Claimant's right to procedural due process because he failed to hold a hearing; (2) failed to make a proper determination at Step 2 of the sequential evaluation process; and (3) failed to perform a proper credibility determination.  For the reasons discussed below, the Court hereby reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

---

[1]   Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security, is substituted for Jo Anne B. Barnhart the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of § 42 U.S.C. § 405(g) of the Social Security Act.

[2]   This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

## I.  FACTUAL AND PROCEDURAL HISTORY

Claimant was born on February 10, 1968, and was 38 years old at the time of the ALJ's decision. (*E.g.* R. 11, 39, 44, 52 )  He had completed the eleventh grade and had attended special education classes.  (R. 62-63.)  He claimed to have past relevant work experience as an oil field worker and mechanic.  (R. 58.)  He alleged that he became disabled on November 24, 2004, due to liver problems and stomach pain. (R. 52, 57.) Later, he complained that he also had pain in his back and legs as well as swelling in his body. (R. 38, 66, 83, 93.)  He made four statements appearing in the record that he needed to see a doctor, but apparently he believed that no doctor would see him because he did not have insurance.  (R. 38, 86, 88, 96.)

Claimant filed his application for supplemental security income and disability insurance benefits on December 22, 2004.[3/]  (R. 39-46.)  After he was denied benefits at the initial and reconsideration levels, he filed a timely Request for Hearing on July 5, 2005 (R. 38.)  Administrative Law Judge ("ALJ") David W. Engel did not hold a hearing; instead, he issued a denial decision on July 7, 2006 (R. 11-18).  Plaintiff filed a Request for Review with the Appeals Council, but died on October 18, 2006[4/] (R. 148) before the Appeals Council denied his request on November 16, 2006. (R. 4-7.)  Claimant's surviving spouse filed the necessary paperwork to continue the case as plaintiff.  (R. 147-48.)  She now seeks judicial review.

---

[3/]  Plaintiff protectively filed on December 9, 2004. (R. 52.)

[4/]  The Certificate of Death indicates that the immediate cause of death was acute myocardial infarction; artherosclerotic cardiovascular disease was a condition leading to the immediate cause; and cirrhosis of the liver was a significant condition contributing to the death but not resulting in the underlying cause.  (R. 148.)

## II. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy, . . . .

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).[5/]

---

[5/]  Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972).  Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521, 416.972.  If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied.  At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings").  If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled.  If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work.  A claimant is not disabled if the claimant can perform his past work.  If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy.  If a claimant has the RFC to perform an alternate work activity, disability benefits are denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750.

"The finding of the Secretary[6/] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750. This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he

---

[6/] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### III.  ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found that (1) Claimant met the insured status requirements of the Social Security Act through December 31, 2006; (2) Claimant had not engaged in substantial gainful activity at any time relevant to the ALJ's decision; (3) Claimant had the following medically determinable impairments: hepatic cirrhosis, alcoholism, bursitis, and obesity; (4) Claimant did not have impairment or combination of impairments that significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore he did not have a severe impairment or combination of impairments; and (5) Claimant had not been under a "disability" as defined in the Social Security Act, from November 24, 2004, through the date of the ALJ's decision. (R. 15-18.)

### IV.  REVIEW

Social Security claimants are entitled to "reasonable notice and opportunity for a hearing" with respect to the Commissioner's decision. *See* 42 U.S.C. § 405(b) (2000); 20 C.F.R. §§ 404.950(a), 416.1450(a) (2003); *see also Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005) ("Social security hearings are subject to procedural due process considerations.").  However, claimants may forfeit this right by making a knowing and voluntary waiver.  *See* 20 C.F.R. §§ 404.950(b), 416.1450(b). Social Security Ruling ("SSR") 79-19 specifies conditions necessary to "ensure . . . waivers are made voluntarily and knowingly; *i.e.*, with knowledge of the advantage of personal appearance and the consequences of a waiver of the right to appear at the hearing." *Titles II, XVI and XVIII:*

5

*Waiver of Personal Appearance at a Hearing*, SSR 79-19, 1979 WL 15541 (S.S.A.)  In

relevant part, the ruling provides as follows:

> An individual or the individual's authorized representative may waive the right
> to personal appearance at a hearing only by a writing signed by the individual
> or the authorized representative which shows:
> 1. a thorough explanation of the hearing procedure has been given;
> 2. the right to personal appearance at the hearing to testify and present
> evidence has been explained;
> 3. an explanation has been given of the right to representation at the hearing
> by an attorney or other person of the individual's choice;
> 4. it has been explained that, in some cases, additional evidence obtained
> through oral testimony and personal presence before the presiding officer
> may be of value in evaluating the issues;
> 5. the individual has been advised that, if he or she does not appear, the
> claim will be decided solely on the written evidence then in file plus any
> additional evidence submitted by the individual or the representative or
> obtained by the hearing officer;
> 6. the individual has been advised that he or she may withdraw the waiver of
> the right to appear at the hearing at any time prior to mailing of the notice of
> the decision.

*Id.* at *2-3.[7/]

When Claimant completed the Request For Hearing form (HA-501-U5), he checked

a box indicating "I do not wish to appear at a hearing and I request that a decision be made

based on the evidence in my case." (R. 38)  Immediately under that statement, the directive

"[c]omplete Waiver Form HA-4608" appears (*id.*), and it is undisputed that Claimant in this

case did not execute the additional waiver form.  The Commissioner argues that Claimant

waived his request for a hearing by checking the box and cannot be heard to complain that

the ALJ failed to hold one.  Plaintiff argues that claimant was unrepresented at the time and

---

[7/]  Social Security Rulings are "binding on all components of the Social Security
Administration" 20 C.F.R. § 402.35(b)(1), and specifically on the ALJ.  *Hayden v. Barnhart*, 374
F.3d 986, 992 n. 9 (10th Cir. 2004); *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993).

did not knowingly waive his right to a hearing.  He also asserts that the ALJ's failure to follow agency policy as set forth in SSR 79-19 warrants remand.

Although the Tenth Circuit has not directly addressed the issue, at least two other circuit courts have relied upon SSR 79-19 in holding that checking the box on the Request Form is insufficient, by itself, to waive the right to an administrative hearing.  *Hollon ex rel. Hollon v. Commissioner of Social Sec*, 447 F.3d 477, 488-90 (6th Cir. 2006); *Hall v. Schweiker*, 660 F.2d 116, 118 (5th Cir. 1981).  In *Hollon*, the claimant checked the box and later completed the waiver form in response to a letter from the ALJ urging her to appear. 447 F.3d at 489.  Hence, the Sixth Circuit found no error by the district court in holding that the claimant validly waived her right to appear at a hearing before the ALJ.  *Id.* at 490.  In *Hall*, the Fifth Circuit reasoned that "[a]s a general rule, where the rights of individuals are affected, an agency must follow its own procedure, even where the internal procedures are more rigorous than otherwise would be required. 660 F.2d at 119 (citations omitted). However, the Court proceeded to analyze whether the claimant was prejudiced by the ALJ's failure to follow SSR 79-19, and the court found that she was.  *Id.*

It is not clear that the Tenth Circuit would require a showing of prejudice. Nonetheless, the Court finds that Claimant was prejudiced in this instance, where he was not represented until after he completed the Request for Hearing form and will never have the opportunity to personally appear and testify in an effort to convince the ALJ that his impairments prohibited him from engaging in any gainful occupation.  Since Claimant's attorney failed to advise Claimant to withdraw the waiver, the Court assumes that Claimant's attorney overlooked the fact that Claimant had checked the box, but the Court will not hold the attorney's oversight against his client.  To the extent Claimant's checking

7

of the box on the Request for Hearing form can be considered a waiver of his right to a hearing,[8/] such waiver is invalid.  Claimant failed to complete Waiver Form HA-4608 and the ALJ made no effort to obtain it or otherwise ensure that Claimant was afforded the protections of SSR 79-19.  Accordingly, the ALJ erred in issuing a decision without holding a hearing.  As remand is warranted on this issue, the Court need not reach the remaining allegations of error at this time.

## V.  CONCLUSION

The Commissioner's decision denying Plaintiff's application for Social Security benefits does not follow the correct legal principles.  Accordingly, the Court and remands the Commissioner's decision for further proceedings consistent with this opinion.


It is so ordered this 6th day of March, 2008.



Sam A. Joyner
United States Magistrate Judge


---

[8/]   It is contradictory and confusing for the Commissioner to permit a claimant to indicate, on a "Request for Hearing" form, that he or she does not want a hearing.  The better practice would be for the Commissioner to require a claimant to complete a "Request for Consideration" or "Request for Decision" form which includes an area where a claimant could indicate a desire to waive a hearing without having to complete a separate form expressing that desire more fully. Such clarification would reduce the potential for the same type of procedural error and argument at issue in this case.